IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| MICHAEL KNIGHT, | Cause No. CV 21-33-H-BMM-KLD |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MONTANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

On May 3, 2021, Plaintiff Michael Knight filed a notice of removal in this Court. Knight wishes to "transfer his complaint filed in the State District Court" under Case no. DV-20-85 to the federal court. Notice of Removal (Doc. 1) at 1. He notes that, at least as of May 1, 2021, *see id*. at 3, the Defendants had not appeared, *see id*. at 2.

A civil action filed in state court "may be removed by the defendant or the defendants" to federal court. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1443, 1446(a). Knight is the plaintiff in the civil action he seeks to remove. "The right to remove a state court case to federal court is clearly limited to defendants." *American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (discussing *Shamrock Oil & Gas Corp. v. Sheets*, 313

1

U.S. 100 (1941)).  Knight's purported removal of the action from state court was improper and failed to confer subject-matter jurisdiction on this Court. Accordingly, the action should be remanded to Montana's Third Judicial District Court.  *See Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam).  The District Court should certify that any appeal from its disposition would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(4)(B); *see also* 28 U.S.C. § 1447(d).

Knight also asks that copies of all filings in the case be served on his wife at her email address.  He states that she holds a power of attorney.  *See* Pl. Request (Doc. 3) at 1.  If properly formalized under state law, a power of attorney is a means of giving one person legal authority over specified property or decisions of another person.  *See, e.g.*, Mont. Code Ann. §§ 72-31-301 through 72-31-367.  But a person who holds a power of attorney is not an attorney at law.  Mrs. Knight cannot sign documents on Mr. Knight's behalf or otherwise represent him in this Court because she has not been admitted to its bar.  *See* D. Mont. L.R. 83.1(a)(2), (b)(1), 83.8(a) (Dec. 1, 2019).  For that reason, she will not receive service from the Court.  But anyone may view the electronic record of a case and documents filed within it by opening a PACER account through the United States Courts.  *See* https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf (accessed June 4, 2021).  At this time, the District of Montana is a CurrentGen court.

2

IT IS ORDERED that Knight's request that the Court serve documents on his wife (Doc. 3) is DENIED.

IT IS RECOMMENDED:

1.  This action, bearing Case No. DV-20-85 in Montana's Third Judicial District Court, should be REMANDED to that court.

2.  Pursuant to 28 U.S.C. § 1447(c), the clerk should be directed to deliver to the state court a certified copy of the order remanding the case.

3.  The District Court should CERTIFY that any appeal of its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Knight may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 7th day of June, 2021.

Kathleen L. DeSoto
United States Magistrate Judge

---

[1]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.