# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| MICHAEL KNIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> MONTANA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CV-21-33-H-BMM-KLD <br><br> **ORDER** |

Plaintiff Michael Knight purportedly has removed his own case from Montana's Third Judicial District Court to this Court, and asked that copies of all filings in this matter be served on his wife via email. (Doc. 1). United States Magistrate Judge Kathleen DeSoto subsequently entered an Order denying Knight's request that the Court serve documents on his wife. (Doc. 4). Judge DeSoto also issued Findings and Recommendations in which she recommended that the Court remand this matter back to state court, as Knight improperly removed his own action to federal court. *Id.*

Knight filed an objection to the Findings and Recommendations within the requisite timeframe. (Doc. 5). Knight asks this Court to declare unconstitutional the federal removal statutes found at 28 U.S.C. §§ 1441, 1443, and 1446, and to

permit his action to go forward in federal court. *Id.* This Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1).

Federal law clearly limits to defendants the right to remove a case from state court to federal court. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Title 28, Section 1441(a) of the United States Code provides that "any civil action brought in a State court . . . may be removed [to federal court] *by the defendant or the defendants*." (Emphasis added). Similarly, 28 U.S.C. § 1443 provides for removal "by the defendant" to federal court in certain civil rights cases. Title 28, Section 1446 of the United States Code explains the procedure that "[a] defendant or defendants" must follow when removing a civil action from state court to federal court.

The Ninth Circuit "categorically" has stated that a "plaintiff who commences his [or her] action in a state court cannot effectuate removal to a federal court even if he [or she] could have originated the action in a federal court." *Am. Int'l Underwriters*, 843 F.2d at 1260 (quoting *Oregon Egg Producers v. Andrew*, 458 F.2d 382 (9th Cir. 1972)). A plaintiff's attempt at removal of his or her own civil action to federal court proves "indisputabl[y] . . . improper." *Id.*

The Court remains bound by federal statute and case law in this matter, as the removal statute at 28 U.S.C. § 1441 requires "strict construction." *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Knight's attempted removal of his own action to federal court failed to abide by 28 U.S.C. § 1441 and this Court lacks jurisdiction to adjudicate Knight's claims. *Am. Int'l Underwriters*, 843 F.2d at 1260. The Court will not permit Knight's purported change from the forum that he selected to litigate his claims against Defendants in the first instance. *Id.* at 1261. The Court adopts the Findings and Recommendations in full.

Accordingly, **IT IS ORDERED**:

1. This action, designated Case No. DV-20-85, is **REMANDED** to Montana's Third Judicial District Court.

2. The Clerk of Court is directed to deliver to Montana's Third Judicial District Court a certified copy of the order remanding this case, pursuant to 28 U.S.C. § 1447(c).

3. The Court certifies, pursuant to Fed. R. App. P. 24(a)(4)(B) and 28 U.S.C. § 1447(d), that any appeal of this disposition would not be taken in good faith.

Dated this 29th day of June, 2021.

_____
Brian Morris, Chief District Judge
United States District Court